IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYRON JAMES,

          Plaintiff,

    v.                         CASE NO. 14-3042-SAC

RAY ROBERTS, et al.,

          Defendants.

## MEMORANDUM AND ORDER

This pro se civil action was filed pursuant to 42 U.S.C. § 1983[1] by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Having examined the materials filed, the court assesses an initial partial filing fee. In addition, the court finds that the complaint is deficient in several ways. Plaintiff is given time to pay the part fee and to cure the deficiencies. If he fails to comply within the prescribed time this action may be dismissed without further notice.

## FILING FEE

The fees for filing a civil action in federal court total $400.00 and consist of the statutory fee of $350.00 under 28 U.S.C. § 1914(a)

---

[1] Plaintiff baldly asserts the following "additional" jurisdictional bases: 18 U.S.C § 1964(A), Violation of 1st, 5th, 14th Amendment, and "Rico Act Claim". However, he alleges no obvious factual basis or other explanation for citing these provisions, and they are not considered further.

1

plus an administrative fee of $50.00; or for one granted leave to proceed without prepayment of fees the fee is $350.00. Plaintiff has filed a Motion for Leave to Proceed without Prepayment of Fees (Doc. 3) and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a prisoner granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted such leave merely entitles him to pay the filing fee over time through payments deducted automatically from his inmate account as authorized by 28 U.S.C. § 1915(b)(2).

Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period was $ 138.80, and the average monthly balance was $ 105.04. The court therefore assesses an initial partial filing fee of $ 27.50, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff is given time to submit the fee to the court, and warned that his failure to comply within the prescribed time may result in dismissal of this action without further notice.

**ALLEGATIONS AND CLAIMS**

As the factual background for this lawsuit, Mr. James alleges as follows. On February 27, 2013, he was charged with two "class II" disciplinary infractions at the HCF, one based on work performance and the other charging disrespect. The disciplinary reports were written 39 days after the incidents occurred. A disciplinary hearing was held on March 7, 2013, and Mr. James was found guilty. He was sanctioned with 15 days disciplinary segregation and 30 days restrictions on privileges for each infraction, loss of personal property, 100% loss of good time for the work performance infraction, and 25% loss of good time for the disrespect infraction. Mr. James appealed to the HCF Warden as well as to the Secretary of Corrections, and the hearing officer's decision was affirmed at both levels.

Mr. James then filed an action in Reno County District Court to challenge the disciplinary proceedings. The district court "affirmed" the hearing officer's decision, finding there was "no liberty interest plaintiff to argue the denial of due process."[2] Plaintiff filed a Notice of Appeal, which was assigned Appellate Case No. 13-110412. He prepared his appellate brief and obtained 19

---

2   Plaintiff does not appear to raise a due process or any other constitutional challenge to these disciplinary proceedings in this action. Nor does he reveal what element of the requisite due process, if any, he claimed in state court had been denied.

copies of it. On October 8, 2013, he sent one original and 17 copies of his brief to the Kansas Court of Appeals (KCA), and asked the court to return a file-stamped copy. Defendant Patti Keen, mail room manager at the HCF, charged Mr. James $5.49 for "Legal/Official Postage" to mail his package containing the original and 17 copies of his brief to the KCA.[3] Plaintiff received a letter dated October 11, 2013, from Jason Oldham, Chief Deputy Clerk of the Kansas Appellate Courts, stating that the Clerk's office had received two copies of his brief on that day and that the case was on hold awaiting the 14 additional copies that were required in order for his brief to be filed.[4] Days later, Mr. James sent the Clerk a letter with a picture of the package he had mailed attached. In this letter he stated that he sent the package with 18 briefs enclosed and did not know what had happened between the time he placed his legal mail "in the hands of (HCF) postal service" and the Clerk's receipt of the mail. He further stated that the letter was verification of his compliance with Rule 6.09(a). He then requested that the Clerk "make the needed copies since (he had) no more funds" and was "not at fault" for the Clerk having received "an incomplete package." The court takes judicial notice of the Kansas Appellate Courts docket for Case

---

[3] Plaintiff adds that he sent two copies of his brief to Warden Cline, which apparently left him with no copy. It is an inmate's responsibility to prepare and retain a copy of any materials he sends to the court.

[4] Plaintiff exhibits this letter, which stated that "Kansas Supreme Court Rule 6.09(a) requires 16 briefs for filing appeals."

No. 110412, which shows "Order of Dismissal/ by the Court (Aplnt did not file br)" entered on January 16, 2014. Plaintiff states that his appeal was dismissed due to "lack of copies." Plaintiff also exhibits the Order of dismissal entered by the KCA which provided:

> On December 19, 2013, this court issued an order noting that the Appellant's brief was past due. The order directed the Appellant to file a brief by January 2, 2014, or the appeal would be dismissed . . . . The Appellant has filed no brief and has not responded to this court's order. The appeal is accordingly dismissed.

Complaint (Doc. 1-1) at 6.

As Count I in his complaint, Mr. James asserts, based upon the foregoing facts, that his right of access to the courts under the First Amendment was violated. As Count II, he claims "Mail Fraud" also based upon the foregoing facts. As Count III, he asserts a conspiracy to deny his right to equal protection of the law. As factual support for his third count, plaintiff alleges no facts and provides only very general phrases: "using canteen venders (sic)" as "the only way to obtain legal materials needed to follow" court rules; IMPPs and general orders of the Kansas Department of Corrections (KDOC) give conflicting information to inmates; the "HCF Facility makes it hard" on an inmate trying to file a complaint against the facility; and "facility rules violate" the inmate's right to court access.

Plaintiff seeks payment of 200 million dollars in punitive and "monitary (sic) damages" for "emotional distress" from the

5

constitutional violations and the mental stress he has suffered over the course of the alleged events.

**SCREENING**

Because Mr. James is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Having examined all materials filed, the court finds that the complaint is subject to being dismissed for the

6

reasons that plaintiff fails to allege sufficient facts to establish liability on the part of the named defendants and fails to allege sufficient facts to state a claim for relief.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION**

As Mr. James was previously informed by this court in a prior case, in order to assign liability to a defendant he must allege facts showing the actual personal participation of that defendant in the allegedly illegal acts.[5] *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)("[P]ersonal participation in the specific constitutional violation complained of is essential."). Plaintiff does not adequately plead personal participation on the part of any of the three named defendants in the failed delivery to the KCA of 16 copies of his appellate brief or in any other constitutional violation. First, as plaintiff has also previously been informed, the mere affirmance of the denial of an administrative grievance does not amount to personal participation in the events complained about in the grievance, which obviously preceded the grievance process. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). Plaintiff does not allege any acts on the part of defendant Warden Cline or defendant Secretary Roberts other than that each affirmed the denial of his administrative grievance challenging his disciplinary

---

5 See *James v. Roberts*, Case No. 11-cv-3129-SAC (July 19, 2011)(Doc. 3).

convictions.  Second, plaintiff's allegations as to the involvement of defendant Keen do not suggest her participation in any wrongdoing. Plaintiff alleges that defendant Keen was the manager of the HCF mailroom and that she charged him $5.49 to mail his package, which he alleges contained the requisite number of copies of his appellate brief.  His allegations indicate that the package was sent and received.  He does not allege that defendant Keen refused to mail his package, that she removed items from his package, or that she fraudulently charged him for mail that was not sent.  *Cf. Brown v. Saline County Jail*, 303 Fed.Appx. 678 (10th Cir. 2008).  Accepting the truth of plaintiff's allegations regarding defendant Keen, no unconstitutional conduct on her part is alleged in the complaint. Unless plaintiff describes additional acts on the part of each defendant that plausibly amounted to a violation of his federal constitutional rights, this complaint shall be dismissed for failure to allege personal participation on the part of any named defendant.

**FAILURE TO STATE CLAIM IN COUNT II AND III**

Plaintiff baldly asserts "mail fraud" in Count II.  Mail fraud is in the nature of a state law claim, which is generally not a basis for relief under 42 U.S.C. § 1983.⁶  In any event, no facts whatsoever

---

6   The court does not construe this Count as plaintiff's attempt to raise a cause of action for RICO violations based on fraud.  Even if it were so construed, plaintiff has clearly not met the "heightened pleading requirements" that apply

are alleged to support the claim that any defendant engaged in mail fraud.

Plaintiff's claims of conspiracy and denial of equal protection in Count III are not supported by adequate facts. Plaintiff's equal protection claim fails because he does not allege facts suggesting that he is a member of a suspect classification, that he was treated differently from other similarly-situated inmates, or that any of defendants' alleged acts did not serve a legitimate penological purpose. In short, Mr. James has not alleged the essential elements of a claim under the Equal Protection Clause of the Fourteenth Amendment. *Fogle*, 435 F.3d at 1261; *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). *See Rider v. Werholtz*, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996)). Plaintiff's claim of a conspiracy likewise fails because he does not allege specific facts establishing the requisite elements of this type of claim. He does not allege facts showing an agreement among defendants to violate plaintiff's constitutional rights or concerted action taken by defendants in furtherance of the conspiracy. *Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir. 1988). Conclusory allegations are not sufficient for either a denial of equal protection or a conspiracy claim.

---

in the RICO context. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)("[V]ague and conclusory allegations of fraud failed to come anywhere near satisfying the specificity requirements of Federal Rule Civil Procedure 9(b).").

**DAMAGES CLAIMS BARRED**

In his complaint, plaintiff seeks money damages based upon alleged mental and emotional injury. 42 U.S.C. § 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id*. No allegations are made suggesting that Mr. James has suffered physical injury. It follows that unless plaintiff alleges facts showing a prior physical injury, his claim for money damages is barred.

Plaintiff also seeks punitive damages. However, in order to state a claim for punitive damages, plaintiff must allege facts showing bad motive on the part of defendants. Mr. James alleges no facts suggesting a bad motive on the part of any defendant.

**OTHER FILINGS**

The court has considered plaintiff's motion for appointment of counsel and finds that it should be denied without prejudice. There is no constitutional right to appointment of counsel in a civil action, and the matter lies within the court's discretion. In this case, it is not clear that plaintiff states a colorable claim. Accordingly, the court finds that appointment of counsel is not warranted at this time.

The court has considered plaintiff's Motion for Permission to Proceed with Magistrate (Doc. 5) and denies this motion. The purpose of the magistrate system is to ease the burden on federal judges. *Hall v. Vance*, 887 F.2d 1041, 1045 (10th Cir. 1989). Plaintiff appears to seek immediate assignment of this case to a magistrate judge citing a prior adverse ruling by the undersigned judge.[7] Prior adverse rulings do not entitle a litigant to reassignment of a case. Furthermore, "[d]istrict judges may decline to refer any matter to a magistrate, and retain plenary authority over when, what, and how many pretrial matters are assigned to magistrates . . . ." See *Peretz v. U.S.*, 501 U.S. 923, 938 (1991).[8]

The court has considered plaintiff's Motion for Production of Document (Doc. 6) and Motion for Admissions (Doc. 7), and denies the motions. These discovery motions are without adequate factual or legal basis and do not show plaintiff's compliance with the Federal Rules of Civil Procedure. Moreover, they are premature because service has not been ordered upon any defendant. The court will

---

7   Plaintiff has not filed a motion for recusal, and prior adverse rulings are not grounds for recusal in any event.

8   In order for a magistrate's jurisdiction to be exercised, a magistrate must be specially designated under 28 U.S.C. § 639(c)(1) by the district court or courts he (or she) serves. The Federal Magistrate Act provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). *Roell v. Withrow*, 538 U.S. 580, 585 (2003). Plaintiff is free to notify the clerk that he consents to assignment of a magistrate to conduct proceedings in this case; however, defendants must consent as well.

order service upon defendants only after the screening process has been completed and only if the matter is allowed to go forward.

The court has considered plaintiff's Motion for Injunctive Relief (Doc. 8) and denies this motion. Plaintiff does not even specify what type of injunctive relief he seeks. His allegation that he needs injunctive relief to "monitor the defendant motives and actions" is completely conclusory. Plaintiff's other allegations in this motion are also vague and conclusory and even seem contrary to those in his complaint. His vague allegations as to proper administrative remedies do not suggest any basis for seeking injunctive relief or the type of injunction sought. His allegations that the DOC "will not allow" an inmate "to get copy tickets so that he" can provide a court with the requisite number of documents are vague and conclusory, and no facts are alleged to suggest how a KDOC regulation or policy regarding copies resulted in the failed delivery described in the complaint. Mr. James did not allege in his complaint that he was somehow prevented from making the requisite number of copies. The same type of inconsistency is found in plaintiff's allegations in this motion that he "never violated any mail rules" and had the funds to pay for the copy tickets. If Mr. James wants to change his complaint to allege that he was prevented by a policy or regulation from making the requisite number of copies of his appellate brief and to seek injunctive relief against the

12

underlying policy on copying, he must file a complete Amended Complaint upon court-approved forms. An Amended Complaint completely supersedes any prior complaint, and must therefore contain all allegations and claims that the plaintiff intends to present.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 27.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff must cure the deficiencies in his complaint discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 4); Motion to Proceed with Magistrate Judge (Doc. 5); Motion for Production of Document (Doc. 6); Motion for Admissions (Doc. 7); and Motion for Injunctive Relief (Doc. 8) are denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**